GENE RALPH VASHON
*vs.*
EDWARD J. QUIRION

Kennebec.   Opinion, October 26, 1962.

*William P. Niehoff,* for the Plaintiff.

*Burton G. Shiro,* for the Defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

SIDDALL, J.   On appeal.   This is a complaint for alienation of the affections of plaintiff's wife.   The complaint alleges criminal conversation.   After trial, the jury returned a verdict for the plaintiff for Two Thousand Dollars.

At the trial of the case the parties made the following stipulation:

> "It is stipulated that there is on deposit in the Waterville Savings Bank in the name of Edward J. Quirion the amount of Two Thousand Two Hundred and Fifty (2,250) Dollars, less One Hundred and Forty (140) Dollars which he owes to the

bank, which amount has been attached by the plaintiff in this action."

During the course of the trial the defendant sought by the testimony of his wife to show that she was equitably entitled to a portion of the bank account. He made an offer of proof in the form of testimony by his wife in the absence of the jury that during the greater part of their married life the defendant and his wife both worked and pooled their earnings and that their savings were deposited in the bank account in the name of the husband. The testimony was excluded by the court. The defendant on appeal claims that the court erred in not admitting such testimony.

The stipulation between the parties was obviously made for the purpose of showing the financial condition of the defendant in the event that punitive damages were awarded. The only qualification in the stipulation was that the defendant owed the bank One Hundred Forty Dollars of the account. No reference was made to any claim of the defendant that there was any other claimant to any part of the account. The court was justified in interpreting the stipulation as signifying that the defendant was the owner of the bank account, less the amount owed to the bank. Under this stipulation we are not concerned with any equitable claims of third parties against the bank account. These rights, if any, may be adjudicated by proper proceedings between the attaching plaintiff and claimants to the fund.

The court was correct in his ruling that the testimony offered was not admissible.

There is another reason why the defendant cannot prevail in this appeal. He has not shown that he is aggrieved by the court's ruling. The issues of actual and punitive damages were not separately submitted to the jury. We must assume that no request was made by the defendant for such a specification. The record before us does not contain

a full transcript of the testimony in the case, and we cannot assume that a verdict of Two Thousand Dollars included more than compensatory damages.

The entry will be

*Appeal denied.*